# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

NOEL HADLEY,

        Petitioner,

v.

T PENDELL, ET AL.,

        Respondent.

Case No. 18-11584
Hon. Terrence G. Berg

## OPINION AND ORDER OF SUMMARY DISMISSAL

Pending before the Court is Plaintiff Noel Hadley's *pro se* civil rights complaint filed under 42 U.S.C. § 1983. Hadley, a state prisoner confined at the Central Michigan Correctional Facility in St. Louis, Michigan, originally filed the complaint in the United States District Court for the Western District of Michigan but, after dismissing two defendants (the Michigan Department of Corrections and Richard Russell), the Western District transferred the case to this Court. The complaint is DENIED because it fails to state a claim upon which relief may be granted.

### I. Standard

Federal Rule of Civil Procedure 8(a) requires that a complaint set forth "a short and plain statement of the claim showing that the pleader is entitled to relief," as well as "a demand for the relief

sought." F. R. Civ. P. 8(a)(2), (3). The purpose of this rule is to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957) and F. R. Civ. P. 8(a)(2)). While this notice pleading standard does not require "detailed" factual allegations, *Twombly*, 550 U.S. at 555, it does require more than the bare assertion of legal conclusions or "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Twombly*, 550 U.S. at 555). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557).

Plaintiff has been granted leave to proceed without prepayment of the filing fee for this action. Under the Prison Litigation Reform Act, the Court is required to *sua sponte* dismiss an in forma pauperis complaint before service on a defendant if it determines that the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. *See* 42 U.S.C. § 1997e(c); 28 U.S.C. § 1915(e)(2)(B). Similarly, the Court is required to dismiss a complaint seeking redress against government entities,

officers, and employees that it finds to be frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b). A complaint is frivolous if it lacks an arguable basis in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

To state a federal civil rights claim, a plaintiff must allege that: (1) he was deprived of a right, privilege, or immunity secured by the federal Constitution or laws of the United States, and (2) the deprivation was caused by a person acting under color of state law. *Flagg Bros. v. Brooks*, 436 U.S. 149, 155–57 (1978). A *pro se* civil rights complaint is to be construed liberally. *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972).

## II. Discussion

Plaintiff's complaint alleges that the mailroom facility at the Central Michigan Correctional Facility improperly rejected two books and a newspaper because they were not printed in blue or black ink and were not from an approved vendor. He argues that defendants, prison warden Lori Gidley, assistant resident unit specialists M. Davis, and T. Pendell, violated his right to free speech under the First Amendment and his right to equal protection by denying his grievances challenging the withholding of the books and newspaper.

The First Amendment guarantees "the right of the people ... to petition the Government for a redress of grievances." U.S. Const. amend. I. While a prisoner has a First Amendment right to file grievances against prison officials, *Herron v. Harrison*, 203 F.3d 410, 415 (6th Cir. 2000), the First Amendment does not impose an affirmative obligation on the government to consider, respond to, or grant any relief on a petition for redress of grievances. *Smith v. Arkansas State Hwy. Employees, Local 1315*, 441 U.S. 463, 464–65 (1979); *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999) ("A citizen's right to petition the government does not guarantee a response to the petition or the right to compel government officials to act on or adopt a citizen's views."). Nor does a prisoner have a constitutionally-protected interest in an inmate grievance procedure or the right to an effective procedure. *Walker v. Michigan Dep't of Corrections*, 128 F. App'x 441, 445 (6th Cir. 2005). Plaintiff's dissatisfaction with the investigation of his concerns and responses to his grievance fails to state a claim upon which relief may be granted. *See Carlton v. Jondreau*, 76 F. App'x 642, 644 (6th Cir. 2003).

Plaintiff also alleges a violation of his equal protection rights. The linchpin of an equal protection claim is that the government has treated people who are similarly-situated in a different manner. *Bannum, Inc. v. City of Louisville*, 958 F.2d 1354, 1359–60

(6th Cir. 1992). Plaintiff asserts, in conclusory fashion, that he is being denied equal protection, but does not provide any factual support for his assertion. He fails to indicate with any specificity how he has been treated differently from others who are similarly situated. The fact that some prisoners may be receiving publications which Plaintiff deems similar to those he ordered does not mean that those prisoners are similarly situated to Plaintiff or that Plaintiff is being treated unfairly. Conclusory allegations are insufficient to state a civil rights claim. *Crawford-El v. Britton*, 523 U.S. 574, 588 (1998). Prisoners are not members of a protected class for equal protection purposes. *Hampton v. Hobbs*, 106 F.3d 1281, 1286 (6th Cir. 1997). Plaintiff fails to state an equal protection claim in his complaint.

Finally, also before the Court is Plaintiff's Motion to Reinstate defendant Richard D. Russell. The District Court for the Western District dismissed Russell because Plaintiff failed to make any specific allegations against Russell. The Court also held that Russell's decision upholding the denial of Plaintiff's grievance did not create a claim because supervisory liability cannot be based upon the mere failure to act. *See* Order, Dkt. 3.

Plaintiff seeks reinstatement of Russell on the ground that Russell's failure to act to correct the alleged wrongs is sufficient to state a claim under § 1983. A claimed constitutional violation must

5

be based upon active unconstitutional behavior. *Grinter v. Knight*, 532 F.3d 567, 575–76 (6th Cir. 2008). Supervisory liability may not be based upon the mere failure to act. *Id.* at 576. Further, § 1983 liability may not be imposed simply because a supervisor denied an administrative grievance or failed to act based upon information contained in a grievance. *See Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999). Plaintiff's motion is denied.

### III. Order

IT IS ORDERED THAT:

(1) The civil rights complaint is DISMISSED WITHOUT PREJUDICE FOR FAILING TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED.

(2) Plaintiff's Motion to Reinstate is DENIED.

(3) IT IS CERTIFIED by the Court that any appeal taken by Plaintiff would not be done in good faith.

**SO ORDERED.**


Dated: December 20, 2018   s/Terrence G. Berg
                           TERRENCE G. BERG
                           UNITED STATES DISTRICT JUDGE

**Certificate of Service**

I hereby certify that this Order was electronically filed, and the parties and/or counsel of record were served on December 20, 2018.

                                <u>s/A. Chubb</u>
                                Case Manager